IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA MARIA RIVERA-LOPEZ, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>CLINICAL MEDICAL SERVICES, INC., et al.,<br><br>    Defendant. | **Civil No. 25-1260 (GMM)** |

**OPINION AND ORDER**

Before the Court is Defendant Clinical Medical Services, Inc.'s ("CMS") *Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure* ("*Motion to Dismiss*"). (Docket No. 9). For the reasons outlined below, the Court **DENIES** the *Motion to Dismiss.*

    I.    **FACTUAL AND PROCEDURAL HISTORY**

This case is a negligence action for damages, premised upon wrongful death and pursuant to diversity jurisdiction, arising from a residential fire that occurred on May 14, 2022, at a family home in Río Piedras, Puerto Rico, that resulted in the death of Mr. Juan Pablo Rolón-Alicea ("Mr. Rolón"). (Docket No. 1 at 1-2, 7).

On May 5, 2025, Plaintiffs Rosa María Rivera-López — the widow of deceased Mr. Rolón — Jorge Asbel Rolón-Rivera and Pablo Juan Rolón-Rivera, both sons of Mr. Rolón (collectively "Plaintiffs")

filed a *Complaint* against CMS and unknown defendants and insurance companies. *See generally* (id.). Plaintiffs allege that CMS's negligence, omissions, failure to fulfill a legal duty, and lack of care during the installation of medical equipment at Mr. Rolón's home caused a fire that led to Mr. Rolón's pain and suffering, and his death. (Id. at 8-9).

Plaintiffs allege that the Report of Fire Marshal Abelardo Pérez-García ("*Fire Marshal's Report*") found that in Mr. Rolón's room there was a semi-electrical hospital bed and an oxygen system "installed negligently, without considering the available electric installation necessary for the equipment." (Id. at 8 ¶¶ 32-33). Plaintiffs further posit that the *Fire Marshal's Report* found that such medical equipment was installed "without taking into consideration the electrical limitations of the house"; "without compliance with the National Electric Code (NEC)"; and "without providing proper training to the persons who were going to handle the equipment." (Id. at 8 ¶¶ 34).

On August 7, 2025, CMS filed its *Motion to Dismiss*. (Docket No. 9). Therein, CMS states that the *Complaint* fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id. at 1-2). CMS contends that the *Complaint*'s allegations contradict the *Fire Marshal's Report*, which Plaintiffs incorporated by reference and which constitutes an official public

record central to their claims. (Id.). According to CMS, the *Fire Marshal Report*, submitted as an exhibit in support of dismissal, "concluded that the fire was caused by the improper use of interconnected electrical extension cords and a multi-plug device placed on top of combustible fibrous materials." (Id. at 2). CMS also argues that "the Fire Marshal's Report — prepared contemporaneously with the incident and constituting the most immediate and reliable account of the fire — makes no mention whatsoever that any medical equipment provided by CMS was connected to the extension cords identified as the point of origin" of the fire. (Id.). CMS adds that the Fire Marshal's Report concludes that the incident was accidental and stemmed from a lack of knowledge on the part of the residents — not from any act, omission, or negligence by CMS. *See* (id. at 8). Consequently, CMS argues that Plaintiffs' claims are legally deficient because there is no factual basis to assert that CMS breached any duty or that its conduct was the proximate cause of the fire. (Id.).

On September 15, 2025, Plaintiffs filed their *Response to Motion to Dismiss* ("*Opposition*"). (Docket No. 15). Plaintiffs respond that the *Fire Marshal's Report* "does not address who is responsible for the preparation, consideration of house electric system, and adequate installation of the hospital equipment." (Id. at 2). Furthermore, Plaintiffs submit an expert report by Angel A. Crespo-Ortiz ("*Mr. Crespo's Expert Report*"), which concludes that

CMS did not employ safety measures regarding the installation of the hospital equipment. (Id. at 2-3). According to Plaintiffs, Mr. Crespo's Expert Report also states that CMS "must ensure that homes have the basic security measures against fires before installing the equipment." (Id. at 3). To that extent, Plaintiffs contend that the allegations contained in the Complaint clearly establish and support a civil action under Puerto Rico negligence law and applicable federal laws, thereby entitling Plaintiffs to damages. (Id. at 4). Plaintiffs incorporate their expert report in support of their Complaint and add that during discovery they will provide all other evidence. (Id. at 5, 15-17).

On September 23, 2025, CMS filed its Reply to Response to Motion to Dismiss. (Docket No. 18). CMS argues that "extraneous evidence, such as expert reports, cannot be considered without converting the motion to dismiss into one for summary judgment under Rule 12(d), which is neither requested nor appropriate at this preliminary stage." (Id. at 2). CMS further argues that "Plaintiffs should not be allowed to disregard the Fire Marshal's Report because its conclusions are incompatible with their theory of liability." (Id.). CMS also contends that Plaintiffs only incorporated the Fire Marshal's Report into their Complaint, and it is not until their Opposition that Plaintiffs refer to Mr. Crespo's Expert Report. (Id. at 2-3). In consequence, CMS argues that Plaintiffs "cannot cure a legally insufficient pleading by

introducing new materials in opposition to dismissal." (Id. at 3). CMS further reiterates that Plaintiffs fail to state a plausible claim for relief under Rule 12(b)(6) because their *Complaint* relies exclusively on the *Fire Marshal's Report* and does not take issue of its factual findings "which clearly establish that the fire was caused by improper electrical connections installed and operated by the Plaintiffs themselves, not by any fault or negligence of CMS." (Id. at 9).

On October 29, 2025, Plaintiffs filed their *Sur-Reply to Defendant's Reply to Response to Motion to Dismiss*. (Docket No. 21). They reiterate that the factual scenario included in the *Complaint* presents sufficient facts to support their claim, regardless of the *Mr. Crespo's Expert Report*, which was filed with their *Opposition*. (Id. at 2-3). Plaintiffs also argue that if the Court were to consider the *Motion to Dismiss* as a motion for summary judgment, it should also be denied because there are issues of material fact in dispute. (Id. at 6-7). They also assert their right to trial by a jury who will ultimately make credibility determinations as to the facts and evidence presented. (Id. at 5-7).

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint should present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant party may file a motion to dismiss the complaint for "failure to state a claim upon which relief can be granted." Id. 12(b)(6).

To survive a motion to dismiss, a complaint must state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausible "means something more than merely possible." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) (internal citations omitted). Gauging plausibility "is a 'context-specific' job that compels [the Court] 'to draw on' [its] 'judicial experience and common sense.'" Id. (*quoting* Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)). "Dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotation marks and citations omitted).

When evaluating a motion under Rule 12(b)(6), the Court "must accept as true the well-pleaded facts of the complaint while simultaneously drawing all reasonable inferences in plaintiff's favor." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (1st

Cir. 1998). A Court faced with a 12(b)(6) motion must determine if the Plaintiffs allegations in the complaint are sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Generally, a court may not consider any materials that are either outside the four corners of the complaint "or not expressly incorporated therein" without converting the motion into one for summary judgment. Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (*citing* Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). However, there is a "narrow exception[] for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson, 987 F.2d at 3. In fact, when a complaint's factual allegations are "expressly linked to – and admittedly dependent upon – a document [offered by the movant] (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it." Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998) (citations omitted).

Therefore, "[t]he court, sua sponte, may convert a motion under Rule 12(b)(6) into one for summary judgment, but the conversion by the district judge should be exercised with great caution and attention to the parties' procedural rights." 5C Wright

& Miller Federal Practice and Procedure § 1366 (3d ed. 1998). Accordingly, "federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." Id.; see Beddall, 137 F.3d at 17; Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18 (1st Cir. 1992) ("If the district court chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion occurs.").

### III. APPLICABLE LAW AND ANALYSIS

CMS argues in its *Motion to Dismiss* that Plaintiffs have failed to state a ground upon which relief can be granted because their claims are based on the *Fire Marshal's Report* which, according to CMS, contradicts the factual and legal basis of the *Complaint*. *See* (Docket No. 18).

A.   Admissibility of Expert Reports at the Motion to Dismiss Stage

First, the Court addresses the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12 (b)(6) motion. In this case, the Court can consider the *Fire Marshal's Report*, without converting the motion to dismiss into a motion for summary judgment, because: (1) its authenticity had not been disputed; (2) it is an official public record prepared by the Puerto Rico Fire Department; and more importantly (3) the document

is central to Plaintiffs' claim and is sufficiently referred to in the *Complaint*. See Watterson, 987 F.2d at 3.

In addition, although Plaintiffs also submitted an expert report in their *Opposition*, procedurally, this case is in its initial stages. As such, the Court, in its discretion, will not convert the instant petition into a motion for summary judgment under Rule 56 to properly evaluate these documents. Therefore, at this time, the Court will not weigh the extrinsic evidence provided neither by CMS nor Plaintiffs to make factual determinations as to this matter without affording Plaintiffs the opportunity to conduct the necessary discovery. Further, considering the clear legal principles elucidated above, the Court is confident that during the remainder of the proceedings Plaintiffs will be able to ascertain whether they can move forward with their torts claims against CMS. If they cannot, they must diligently, and in good faith, abandon their pursuit.

B.   Failure to State a Claim

Having addressed that preliminary matter, the Court now reviews whether Plaintiffs' *Complaint* survives dismissal. Here, Plaintiffs have filed a Complaint against CMS claiming negligence under Articles 1536, 1538, 1539 and 1540 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 10801; 10803-10805 and seeking compensatory damages. (Docket No. 1 at 3). Black letter law dictates that a "'federal court[] sitting in diversity,'" as in

this case, must "'apply state substantive law and federal procedural law.'" Suero-Algarín v. CMT Hosp. HIMA San Pablo Caguas, 957 F.3d 30, 39 (1st Cir. 2020) (*quoting* Gasperini v. Ctr. for Humans., Inc., 518 U.S. 415, 427 (1996)). Thus, Puerto Rico law dictates this case. *See* Baum-Holland v. Hilton El Con Mgmt., LLC, 964 F.3d 77, 87 (1st Cir. 2020) (applying Puerto Rico substantive law in its diversity case).

Puerto Rico's general tort statute, Article 1536, dictates that "any person who, through fault or negligence, causes damage to another, is obliged to repair it." P.R. Laws Ann. tit. 31 § 10801; Baum-Holland, 946 F.3d at 87. A successful tort action under Article 1536 requires the plaintiff to prove: "(1) evidence of a physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause).'" González-Cabán v. JR Seafood Inc., 48 F.4th 10, 14 (1st Cir. 2022) (*quoting* Vázquez-Filippetti v. Banco Popular de P.R., 504 F.3d 43, 49 (1st Cir. 2007)).

At this stage of the proceedings, the Court evaluates Plaintiffs allegations under Rule (8)(a)(2). Under this standard, the Court must draw all reasonable inferences in the Plaintiffs' favor. Here, Plaintiffs claim that Mr. Rolón's death and their damages were ultimately caused by CMS because of their negligent installation of the medical equipment, without consideration of

the available electrical limitations of the home and without proper training to ensure compliance with electrical regulations and avoid the fire hazard. (Docket No. 1 at 8-9). Notably, the parties present conflicting versions of the facts and evidence —the *Fire Marshal's Report* versus Plaintiffs' expert report— specifically as to the origin and cause of the fire.

These are questions of fact at the heart of Plaintiffs' negligence claim. It is well known, however, that the Court is precluded from deciding questions of fact or weighing evidence at the motion to dismiss stage. *See* García v. EMSL, LLC, No. 21-CV-1601-FAB-MDM, 2023 WL 12119746, at *5 (D.P.R. Sep. 11, 2023), *report and recommendation adopted*, No. 21-cv-1601 (FAB), 2023 WL 12119747 (D.P.R. Sep. 26, 2023) (*citing* P.R. Elec. Power Auth. v. Liberty Mut. Ins. Co., 2021 WL 3293622, at *2 (D.P.R. Aug. 2, 2021); Akamai Techs., Inc. v. Deutsche Bank A.G., 764 F. Supp. 2d 263, 267 (D. Mass. 2011) (stating that a factual challenge is premature at the motion to dismiss stage and must wait to be addressed on a motion for summary judgment). CMS, of course, is free to raise their arguments — in due course — after the parties conclude discovery, and the evidence submitted by both parties can be properly weighed.

Hence, the Court finds that, at this juncture, Plaintiffs' allegations as to the negligence claim under Puerto Rico law, as

above summarized, meet the plausibility standard set forth in Rule 8(a)(2).

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** the *Motion to Dismiss* at Docket No. 9. CMS shall answer the *Complaint* on or before January 7, 2026.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on December 17, 2025.


                                                /s/Gina R. Méndez-Miró
                                                GINA R. MÉNDEZ-MIRÓ
                                                UNITED STATES DISTRICT JUDGE